**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUKHSAGAR SINGH,<br><br>　　　　　　　　　　　　　Petitioner,<br><br>　v.<br><br>Warden of Imperial Regional Detention Facility); Kristi Noem, Secretary of the U.S. Department of Homeland Security; Pamela Bondi, Attorney General of the United States; U.S Immigration Customs Enforcement; U.S. Department of Homeland Security, In their official capacities,<br><br>　　　　　　　　　　　　　Respondents. | Case No.:  26cv0401 DMS KSC<br><br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed a Traverse.

The claims in this case are the same as those alleged in *Singh v. Warden of Imperial Regional Detention Facility*, Case No. 26cv0628 DMS MSB.[1]  In that case, Respondents

---

[1] Petitioner in this case is represented by the same counsel that represented the petitioner in Case Number 26cv0628 DMS MSB.

1

26cv0401 DMS KSC

conceded Petitioner was a member of the bond-eligible class certified in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), and was therefore entitled to a bond hearing. It is unclear why Respondents in this case have raised different arguments. Nevertheless, even considering the arguments raised here,[2] the result is the same: Petitioner is entitled to a bond hearing. Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration judge within seven (7) days of this Order. On or before **March 19, 2026**, the parties shall file a Joint Status Report confirming Petitioner has been provided with a bond hearing and the result of that hearing. In that Report, the parties shall also provide their respective positions on whether a further order on the Petition is necessary or if the case may be dismissed as moot.

**IT IS SO ORDERED**.

Dated:  March 5, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[2] Respondents here argue the Court lacks jurisdiction to consider the claims, the claims are unexhausted, and Petitioner is lawfully detained under 8 U.S.C. § 1225. The Court has rejected all of these claims in cases involving similar facts, and does so again here.

2

26cv0401 DMS KSC